**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-6098**

———————————

JEREMIAH ANDREWES,

Petitioner - Appellant,

versus

U.S. IMMIGRATION & NATURALIZATION SERVICE,

Respondent - Appellee.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Robert G. Doumar, Senior District Judge.  (CA-03-100-2)

———————————

Submitted:  May 31, 2005          Decided:  July 18, 2005

———————————

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Anthony C. Munter, Washington, D.C., for Appellant.   Paul J. McNulty, United States Attorney, Kent P. Porter, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeremiah Andrewes, an inadmissible alien detained by the Government pursuant to 8 U.S.C. § 1231(a)(6) (2000), appeals the district court's order adopting the magistrate judge's report and recommendation to deny relief on his 28 U.S.C. § 2241 (2000) petition requesting release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). Andrewes, whose removal order became final on May 22, 2002, continues to be detained by the Government. The magistrate judge found that Zadvydas did not apply to Andrewes. The district court ruled that "until the [Immigration and Naturalization Service] is satisfied that [Andrewes] poses no danger to citizens of the United States, and in the face of his unlawful entry status, [he] may continue to be detained, pending efforts to have him removed to Liberia." Andrewes claims the district court erred in its application of Zadvydas to his case.[1] In light of the Supreme Court's decision in Clark v. Martinez, 125 S. Ct. 716 (2005), we agree. Accordingly, we vacate the order denying Andrewes's § 2241 petition and remand for reconsideration under Martinez.

Under § 1231(a)(6), certain aliens subject to removal orders "may be detained beyond the [ninety-day] removal period." However, in Zadvydas, the Supreme Court construed this statute to contain an implicit "reasonable time" limitation and presumptive

---

[1]Andrewes further challenges Immigration and Naturalization Service custody review procedures as constitutionally insufficient. However, we decline to address this issue because Andrewes did not raise it in the district court. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

limit to six months of post-removal-period detention. 533 U.S. at 682, 701. Moreover, the Court held that a habeas court "should measure reasonableness [of the detention in question] primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal," and "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." Id. at 699-700.

Following Zadvydas, a split in the circuit courts developed as to whether the Supreme Court's construction of the statute applied to inadmissible aliens like Andrewes. In Martinez, the Supreme Court held that it did, explicitly "reject[ing] the Government's argument that, under Zadvydas, § 1231(a)(6) 'authorizes detention until it approaches constitutional limits.'" 125 S. Ct. at 726. Accordingly, upon remand the district court should measure the reasonableness of Andrewes's detention primarily in terms of the statute's basic purpose of assuring his presence at the moment of removal, and if removal is not reasonably foreseeable, should hold continued detention unreasonable and no longer authorized by statute.[2]

_____

[2]We note that the Government has suggested Andrewes's alleged non-cooperation is an alternative basis for Andrewes's continued detention under 8 U.S.C. § 1231(a)(1)(C) (2000). Although the Government raised this issue in the district court, and Andrewes contended the provision did not apply in his case, the district court did not rule on the issue. Accordingly, the Government remains free to again assert this contention on remand, should it be inclined to do so. We indicate no view as to the appropriate resolution of this issue.

We therefore deny as moot Andrewes's pro se motion for a decision on the case at hand, and we remand to the district court for reconsideration of his § 2241 petition in light of <u>Martinez</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>